UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RUTH JONES,
    *Appellant*,

v.

RICHARD COAN,
    *Appellee.*

No. 3:15-cv-01773 (VAB)
No. 3:15-cv-01753 (VAB)

**RULING AND ORDER ON APPEAL OF BANKRUPTCY COURT**

Ruth Jones ("Debtor" or "Appellant") filed for bankruptcy under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* ("Chapter 11"). Because the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court") found that Ms. Jones willfully and intentionally failed to comply with an order to pay $11,250, the Bankruptcy Court denied discharge of the debtor under 11 U.S.C.§ 727(a)(6). *In Re Jones*, No. 09-bk-51596, ECF No. 1251.

This appeal raises whether the Bankruptcy Court erred in (1) finding that Ms. Jones willfully and intentionally failed to comply with its order and (2) ordering that Ms. Jones be denied a discharge of the debt.

For the reasons discussed below, the Court **AFFIRMS** the judgment of the Bankruptcy Court.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 14, 2009, Ms. Jones filed a voluntary petition for relief under Chapter 11. *In re Jones*, No. 09-bk-51596, ECF No. 1. On February 25, 2011, The Bankruptcy Court appointed Mr. Coan to serve as the Chapter 11 trustee. *In Re Jones*, No. 09-bk-51596, ECF No 631–34. On April 23, 2013, the Bankruptcy Court converted the case to one under Chapter 7, rather than

1

under Chapter 11, and retained Richard Coan as the Chapter 7 trustee. *In Re Jones*, No. 09-bk-51596, ECF No 1032.

On June 4, 2013, the Bankruptcy Court ordered Ms. Jones to turn over $11,250 to Richard Coan to replace rents "collected by the debtor but not deposited in the estate bank account nor delivered to the Trustee." *In Re Jones*, No. 09-bk-51596, ECF No. 1057 ("Turnover Order"). The Bankruptcy Court ordered Ms. Jones to make the payment within fourteen days of the Order. *Id.* But Ms. Jones failed to do so.

Ms. Jones argues instead that she paid Mr. Coan $7,500 twice before the adversary proceedings started. Appellant Br., ECF No. 14, at 7. Ms. Jones claims that Mr. Coan kept the first payment, because he alleged the funds belonged to the bankruptcy estate. *Id.* And Mr. Coan returned the second payment to Ms. Jones. *Id.* Ms. Jones also argues that another payment of $3,750 made in February 2015, which Mr. Coan accepted, should apply to the Turnover Order. *Id.* at 9. Ms. Jones argues that, although untimely, she made the total payment amount of $11,250 required in the Bankruptcy Court's Turnover Order. *Id.*

Mr. Coan asserts that the funds were either late or misappropriated bankruptcy estate funds. On October 29, 2015, when questioned at trial, Ms. Jones admitted not paying the disputed $11,250 on time. Appellee Br., ECF No 15, at 3–4 (citing October 29, 2015 Trial Tr., at 86–88) ("Q: Okay. Now if you'd look at the last page of Exhibit 5 it calls for you to pay $11,250 within 14 days of the entry of the order. Did you do that? A: No, I did not.").

Mr. Coan argues that "the uncontroverted evidence established that the Debtor lied to convince the Trustee not to pursue her for $11,250 even though she received a check for more than $400,000 while the turnover Motion was pending." *Id.* at 6–7. Mr. Coan declares that Ms. Jones first tried to satisfy the Turnover Order six weeks late with $7,500 that "was the

satisfaction of the Trustee's separate demand that the Debtor deliver settlement funds related to a real-estate commission that the bankruptcy estate—not the Debtor—had received while the bankruptcy case was pending under Chapter 11." *Id.* at 7. In other words, the "Debtor first attempted to pay the bankruptcy estate with the bankruptcy estate's own money." *Id.*

Then, on February 9, 2015, Ms. Jones paid $3,750 to Mr. Coan, which he argues "was $7,500 too little and was paid twenty months after payment was due." *Id.* at 9. Moreover, "the Trustee had commenced the discharge action, the parties had filed witness and exhibit lists, and a scheduled trial date was approaching." *Id.* Finally, on October 15, 2015, more than two years after the Court entered the Turnover Order, Ms. Jones paid the Trustee $7,500. *Id.* But Mr. Coan returned the payment. *Id.*

On November 19, 2015, the Bankruptcy Court issued an order denying discharge of the debtor under § 727(a)(6). *In Re Jones*, No. 09-bk-51596, ECF No. 1251.

On November 25, 2015, Ruth Jones appealed the order denying the debtor's request for discharge and judgment in favor of Richard Coan. ECF No. 1.

On March 3, 2016, Ruth Jones filed an appellant brief. ECF No. 14.

On April 2, 2016, Richard Coan filed an appellee's brief. ECF No. 15.

On April 15, 2016, Ruth Jones filed a reply brief. ECF No. 16.

II.     **STANDARD OF REVIEW**

A district court has jurisdiction to review final judgments, orders, and decrees made by the bankruptcy courts. 28 U.S.C. § 158(a)(1). "Generally, in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *In re Charter Commc'ns*, 691 F.3d 476, 482–83 (2d Cir. 2012). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire

3

evidence is left with the definite and firm conviction that a mistake has been committed." *In re Guadalupe*, 365 B.R. 17, 19 (D. Conn. 2007).

## III. DISCUSSION

The Supreme Court has "acknowledged that a central purpose of the [Bankruptcy] Code" is to allow an "honest but unfortunate debtor" to "reorder [their] affairs, make peace with [their] creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991) (quotation marks omitted); *In re Kran*, 760 F.3d 206, 210 (2d Cir. 2014). Section 727(a)(6) allows for denial of discharge when "the debtor has refused . . . to obey any lawful order of the court." 11 U.S.C. § 727(a)(6)(A).

The denial of discharge under Section 11 U.S.C. § 727 is discretionary. *See In re Kokoszka*, 479 F.2d 990, 997 (2d Cir. 1973). Because Section 727 "impose[es] an extreme penalty for wrongdoing, [it] must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." *D.A.N. Joint Venture v. Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006). "The objecting creditor bears the burden to establish the requirements of Section 727 by a preponderance of the evidence." *In re Virovlyanskiy*, 485 B.R. 268, 272 (Bankr. E.D.N.Y. 2013).

### A. The Factual Finding of Willful and Intentional Non-Compliance

Before denying a discharge, courts "should consider such factors as the intent behind the bankrupt's acts—were they willful or was there a justifiable excuse; was there injury to the creditors; and is there some way that the bankrupt could make amends for his conduct." *In re Kokoszka*, 479 F.2d at 998; *see also In re Estarellas*, 338 B.R. 538, 541 (Bankr. D. Conn. 2006) ("The issue of a debtor's intent is a question of fact or inference to be drawn from facts, for the

4

bankruptcy court to determine"). "Denial of discharge under [Section 727(a)(6)(A)] 'requires that the debtor willfully and intentionally refused to obey a court order.'" *In re Leone*, 463 B.R. 229, 247 (Bankr. N.D.N.Y. 2011). "[A] mere failure to obey the order resulting from inadvertence, mistake, or inability to comply, is insufficient; the party seeking [denial of discharge] must demonstrate some degree of volition or willfulness on the part of the debtor." *In re Gardner*, 384 B.R. 654, 670 (Bankr. S.D.N.Y. 2008). And the issue of intent depends "largely upon an assessment of the credibility and demeanor of the debtor." *In re Boyer*, 367 BR. 34, 44 (Bankr. D. Conn. 2007).

Because the Bankruptcy Court denied a discharge and made factual findings of Ms. Jones' willful and intentional refusal to obey a court order, this Court role is not "to retry the case or to weigh evidence as it sees fit." *In re Boyer*, 384 B.R. 44, 48 (D. Conn. 2008). Instead, the Court must determine whether there was clear error in the Bankruptcy Court's factual findings. The answer is no.

Ms. Jones argues that the Bankruptcy Court erred in finding that Ms. Jones willfully and intentionally failed to comply with the Turnover Order. She claims to have only deposited two checks incorrectly out of the hundreds given over a three-year period and that the disputed $11,250 is only a small part of the hundreds of thousands of dollars already paid. Ms. Jones also alleges having paid the $11,250 in full. As a result, in her view, there is no evidence of harm to the Trustee.

Ms. Jones also argues that the sanction is overly harsh, given the amount of the payment and that she already tendered before trial. To Ms. Jones, the trial court erred by not considering that, of the hundreds of rent checks deposited by Ms. Jones, the parties only dispute two of these checks, and that Ms. Jones ultimately paid the total amount before a trial on the matter started. In

her view, a mere mistake in not depositing the rent payments into the estate account does not warrant a denial of discharge.

In response, Mr. Coan argues that the Bankruptcy Court properly denied a discharge. It is undisputed that Ms. Jones knew about the Turnover Order and failed to comply with it. Mr. Coan also argues that Ms. Jones' three justifications for excusing her failure to comply—not owing the money, not having the money to pay, and payment of the money eventually, albeit late—must fail. As Mr. Coan notes, as for the first two, Ms. Jones never challenged the Turnover Motion, and she had more than $400,000 available to her, while payment of the $11,250 was pending. On the last, Mr. Coan argues that the past due payment only came about because the matter was set to be tried. In other words, Ms. Jones did not comply unless and until it became absolutely clear that she had no choice.

The Court agrees.

Based on this record, the Bankruptcy Court did not err in finding that Ms. Jones' failure to pay the $11,250 was willful and intentional. On June 4, 2013, the Bankruptcy Court ordered Ms. Jones to "pay to Richard M. Coan, Trustee the sum of $11,250.00" within fourteen days of the entry of the order. ECF No. 1057, *In the Matter of Ruth Jones*, No. 09-bk-51596 (AHWS). "Since the turnover order was dated June 4, 2013, the deadline for turnover was June 18. [And] [t]he debtor did not comply with the turnover order." ECF No. 98, at 9:14–16.

Nor did Ms. Jones "seek any relief from the turnover order before . . . the turnover deadline." *Id.* at 10:11–13. Indeed, as the Bankruptcy Court noted, "[t]he turnover motion was unopposed," and Ms. Jones "did not assert any such justification or excuse, or, for that matter, any opposition to the turnover motion." *Coan v. Jones*, No. 13-bk-051596 (AHWS), ECF No. 98, at 9:4, 10:8–10.

Just as significantly, while Ms. Jones claimed she could not pay the $11,250 owed, she "was involved in a real estate joint venture to which she lent $468,000 to another party." ECF No. 98, at 12:13–16 (referencing Ruth Jones Aff. in *Jones v. Deak Solomon & Imperial Estate Holdings, LLC*, Case No. FST-CV-14-6023913-S, at ¶ ¶ 8, 11). And "15 days after the trustee filed his motion . . . the debtor admitted that she received a $438,000 commission check," which "she immediately endorsed [] to her former business partner for the joint venture, choosing to use all of the commission for the venture." ECF No. 98, 15 12:23–25; 13:3–6.

Finally, when Ms. Jones tried to pay, she sought to use funds from the bankruptcy estate itself. *Id.* at 11:3–5 (concluding that "the debtor's attempt to satisfy the turnover, albeit late, she attempted to do that by paying the state with its own money").

Because "[i]t is not the Court's role to retry the case or to weigh the evidence at it sees fit," *In re Boyar*, 384 B.R. at 48, the Court finds no reason to disturb the bankruptcy court's factual determinations of willfulness and intent. *Id.* ("On the basis of the cold record alone, this Court does not have the definite and firm conviction that the bankruptcy court's decision to credit testimony of the [one party and their witnesses] was clearly erroneous").

The Bankruptcy Court concluded—and rightly so—that Ms. Jones's various excuses for not complying with its order lacked credibility and demonstrated a "strong degree of violation and willfulness and volition on the part of the debtor and her refusal to obey the turnover order." *Id.* at 15:4–6.

### B. The Denial of the Debtor Discharge

Under Section 727 which "requires the denial of discharge under ten enumerated circumstances," *Cacioli*, 463 F.3d at 234, courts "must exercise [their] discretion whether or not to grant a discharge, even when an order has not been followed." *In re Kokoszka*, 479 F.2d at

7

997. "[B]efore denying a discharge the [bankruptcy court] should weigh the detriment to the proceedings and the dignity of the court against the potential harm to the debtor if the discharge is denied." *Id.* at 997–98.

Ms. Jones argues that the Bankruptcy Court's ruling on the adversary complaint caused an improper denial of debtor discharge and that this Court should vacate the order denying discharge.

In response, Mr. Coan argues that the Bankruptcy Court ordered Ms. Jones to pay 11,250, and that the Bankruptcy Court gave her fourteen days to do so. But rather than pay the $11,250, Ms. Jones claimed an inability to pay, which contradicted a sworn affidavit in the Superior Court of the State of Connecticut for another case. Even though Mr. Coan waited ten weeks before beginning adversary proceedings, Ms. Jones again engaged in questionable conduct by trying to pay the Bankruptcy Estate's own money. Moreover, the $11,250 went unpaid for twenty months after the Turnover Order and seventeen months after the discharge litigation. Under those circumstances, Mr. Coan argues that the Bankruptcy Court properly denied Ms. Jones' discharge.

The Court agrees.

Section 727 permits bankruptcy courts to deny discharge when "the debtor has refused . . . to obey any lawful order of the court." 11 U.S.C. § 727(a)(6)(A). While the bankruptcy court's power to deny a discharge is discretionary, a "blatant violation should not be condoned." *See In re Kokoszka,* 479 F.2d at 997. Here, Ms. Jones failed to comply with the Turnover Order, and rectify the dispute through immediate payment. Instead, among other things, she chose to claim unsupported financial hardship and to pay with funds already within the Bankruptcy Estate.

8

Based on the record, "this Court does not have the definite and firm conviction that the bankruptcy court's decision to credit testimony of the [one party and their witnesses] was clearly erroneous." *In re Boyar*, 384 B.R. at 48

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the judgment of the Bankruptcy Court.

The Clerk of Court is respectfully directed to close these cases.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of December 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE